IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Alfonso AMELIO,

         Plaintiff,

      v.

McCABE, WEISBERG & CONWAY, P.C.
*et al.*,

         Defendants.

Civil Action No. 14-1611

## MEMORADUM OPINION

CONTI, Chief Judge

## I.    Introduction

Plaintiff Alfonso Amelio ("Amelio") sued defendants McCabe, Weisberg & Conway P.C., Marc S. Weisberg, Bank of America N.A., and John Does 1–10 (collectively "defendants") for improperly filing and maintaining a mortgage foreclosure action against him. The complaint, filed pro se, contains three overlapping counts asserting that defendants violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Amelio alleged that defendants filed the foreclosure complaint despite knowing they did not possess the original promissory note as required by Pennsylvania's Uniform Commercial Code, 13 PA. CONS. STAT. §§ 3101–3605.

McCabe, Weisberg & Conway and Marc S. Weisberg (the "law firm defendants") filed a motion to dismiss (ECF No. 2), arguing that Amelio's claims are time barred. (Mem. of Law 4, ECF No. 3.) Amelio subsequently filed a motion to vacate and strike the law firm defendants' motion to dismiss the complaint (ECF No. 9) and a motion for a temporary restraining order (ECF No. 11). Amelio argued that the law firm defendants violated 11 U.S.C. § 362 by filing their motion to dismiss after Amelio had filed bankruptcy and was under the protection of the automatic litigation stay. (Mot. to Vacate 4–5, ECF No. 9.)  The court denied the motion to strike and vacate and the

motion for a temporary restraining order because the Bankruptcy Code's automatic stay provision only applies to proceedings against the debtor. (Order, ECF No. 15.) Amelio was granted leave to file a substantive response to the motion to dismiss, which he did. (ECF No. 16). In the response, Amelio alleged that the law firm defendants committed a continuing violation that is not subject to the statute of limitations, and that the law firm defendants' motion to dismiss violates the congressional intent of the FDCPA—to protect consumers from unfair debt collection practices. (*Id*. at 36–38.) The court finds, based upon the complaint and state-court litigation documents in the public record, that Amelio's claims against the law firm defendants are barred by the statute of limitations and must be dismissed.[1]

## II.    Legal Standard

A motion to dismiss tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level and sufficient to state a claim for relief that is plausible on its face." *Id*. "A claim has facial

---

1    Defendant Bank of America filed a motion to dismiss (ECF No. 24). Amelio requested additional time to respond to Bank of America's motion, and the court granted him until August 31, 2015, to do so. This memorandum opinion addresses only the law firm defendants' motion to dismiss.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability require-ment," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (quoting *Twombly*, 550 U.S. at 556-57) (citation omitted).

Two working principles underlie *Twombly*. *Id*. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will … be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

A plaintiff whose claims are dismissed for failure to state a claim generally must be given leave to file an amended complaint to cure the defective pleading. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The court may dismiss a claim without leave to amend on the grounds of bad faith, undue delay, prejudice, or futility. *Id*. An amendment is futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

**III.    Facts Alleged in the Complaint and Viewed as True for the Purpose of Resolving the Motion to Dismiss**

On July 26, 2006,[2] Amelio executed a mortgage and promissory note to Bank of America. (Compl. ¶ 16, ECF No. 1.) Defendants[3] failed to examine the documents prior to filing the security instrument with the Allegheny County Recorder of Deeds to determine if Bank of America was in possession of the original promissory note and original mortgage. (*Id*. ¶¶ 17–18.) Defendants are currently attempting to collect upon fraudulently obtained notes because the original documents were never produced and because the copies that were provided by defendants lack an endorsement as to their authenticity. (*Id*. ¶ 19.) Defendants first threatened foreclosure litigation, and then took foreclosure action against Amelio, while knowingly lacking proper evidence. (*Id*. ¶¶ 20, 26.) The foreclosure complaint was based upon an improper affidavit because the affiant lacked personal knowledge. (*Id*. ¶¶ 34k, 38.) The mortgage was securitized and Bank of America was not the holder in due course or injured by the default. (*Id*. ¶¶ 45, 46.) Marc Weisberg knew or should have known that the mortgage was securitized, but concealed this fact during the foreclosure litigation. (*Id*. ¶ 46.)

**IV.    Discussion**

   *A.  Subject-Matter Jurisdiction*

The law firm defendants did not move to dismiss based upon a lack of subject-matter jurisdiction, but the court has an independent duty to determine whether it has jurisdiction to hear the case. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). Because this case is closely related to a

---

2    The complaint also identifies the date of the mortgage and promissory note as March 3, 2004, and July 26, 2005. (Compl. ¶¶ 34m, 34n, 77, ECF No. 1.)

3    The allegations in the complaint primarily refer to "defendants" generally without differentiating among the various defendants.

mortgage foreclosure action before a state tribunal, the court will examine whether the *Rooker-Feldman* doctrine bars it from exercising jurisdiction.[4] The *Rooker-Feldman* doctrine prohibits district courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies if four requirements are met: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff asks the district court to review and reject the judgment of the state court. *Great W.*, 615 F.3d at 166.

As best the court can determine from state-court documents in the public record, Amelio lost in state court and the state court rendered its judgment before Amelio filed this federal lawsuit.[5] Amelio, however, does not complain about injuries caused by the state-court judgment, and the *Rooker-Feldman* doctrine does not apply. In this lawsuit, Amelio complains about violations of the FDCPA caused by defendants *filing* the foreclosure action in state court. This alleged injury was caused by the defendants—not the judgment of the state court—and Amelio is not seeking appellate review of the of the state-court judgment. *See id.* at 169; *Hersh v.*

---

4     Bank of America raises the *Rooker-Feldman* doctrine in its motion to dismiss. (ECF No. 24, at 6.)

5     The state trial court entered judgment for Bank of America and against Amelio in the amount of $327,512.87 plus interest on February 10, 2012. Order, *BAC Home Loans Servicing v. Amelio*, No. GD-09-010436 (Pa. Ct. Com. Pl. Feb. 10, 2012) (Doc. No. 18). The state trial court denied Amelio's motion to vacate on December 16, 2013. *Id.* (Doc. No. 33). The Superior Court of Pennsylvania dismissed Amelio's appeal on June 30, 2013. *Bank of Am., Nat'l Ass'n v. Amelio*, No. 202 WDA 2014 (Super. Ct. Pa. June 30, 2014) (per curiam). On November 13, 2014, The Supreme Court of Pennsylvania denied Amelio's petition for leave to file petition for allowance of appeal nunc pro tunc. *Bank of Am., Nat'l Ass'n v. Amelio*, No. 68 WM 2014 (Pa. Nov. 13, 2014) (per curiam).

*CitiMortgage, Inc.*, 16 F. Supp. 3d 556, 572 (W.D. Pa. 2014) (holding that the *Rooker-Feldman* did not apply because the plaintiffs were complaining about, among other things, the initiation of an improper foreclosure action, and not the state-court judgment). The state-court foreclosure action and this lawsuit are closely related,[6] and the decisions of the state court may have preclusive effect in this case, but that is not a jurisdictional issue. *See Exxon Mobil*, 544 U.S. at 293 ("In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court."). The *Rooker-Feldman* doctrine does not bar the court from hearing this case against the law firm defendants.

### B. *Statute of Limitations Defense*

The law firm defendants argue that Amelio's claims of abusive, deceptive, and unfair debt collection practices in violation of 15 U.S.C. § 1692 must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state claims for which relief could be granted because Amelio's claims under the FDCPA are time barred. The FDCPA requires a plaintiff to file his or her claim within one year of the violation. 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy or in any other court of competent

---

6    Prior to the Supreme Court's decision in *Exxon Mobil*, courts—including the Court of Appeals for the Third Circuit—found that the *Rooker-Feldman* doctrine applied when the federal suit was "inextricably intertwined" with the state-court adjudication. *See, e.g.*, *Walker v. Horn*, 385 F.3d 321, 332 (3d Cir. 2004). After *Exxon Mobil*, this is no longer an independent method of analyzing *Rooker-Feldman* issues. *Great W.*, 615 F.3d at 169–70 ("Although the term 'inextricably intertwined' was used twice by the Supreme Court in *Feldman*, reliance on this term has caused lower federal courts to apply *Rooker-Feldman* too broadly. The phrase 'inextricably intertwined' does not create an additional legal test or expand the scope of *Rooker-Feldman* beyond challenges to state-court judgments.").

jurisdiction, within one year from the date on which the violation occurs."). A statute of limitations defense is an affirmative defense, which is generally to be stated in a responsive pleading. FED. R. CIV. P. 8(c). In the Third Circuit, however, defendants are permitted to raise a limitations defense in a Rule 12(b)(6) motion, but "'only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)). Thus, "'[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" *Id.* (quoting *Robinson*, 313 F.3d at 135). In addition to the complaint, the court may also consider "'exhibits attached to the complaint and matters of public record'" in deciding a motion to dismiss. *Id.* (quoting *Pension Benefit Gaur. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Matters of public record include, among other things, "publicly available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'" *Twp. of S. Fayette v. Allegheny Cnty. Hous. Auth.*, 27 F. Supp. 2d 582, 594 (W.D. Pa. 1998) (quoting *In re Am. Cont'l/Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996)).

Where an FDCPA claim arises from an allegation of improper debt collection litigation, courts have held that the statute of limitations begins to run either on the date the debt collection complaint is filed, *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), or the date complaint is served, *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). *See Simard v. LVNV Funding, LLC*, No. CIV. A. 10-11009-NMG, 2011 WL 4543956, at *4 (D. Mass. Sept. 28, 2011) ("Generally, if a plaintiff's FDCPA claim arises from a debt collection suit filed in state or municipal court, the statute of limitations runs from the day the complaint is filed or the day the plaintiff is served with a copy of the complaint.").

In order to determine whether Amelio's claims are time barred, this court must look to the date defendants filed the mortgage foreclosure action or the date the Amelio was served with the mortgage foreclosure complaint. Amelio's complaint contains two conflicting statements about when defendants filed the mortgage foreclosure action. Amelio first alleges that Bank of America and the law firm defendants filed the mortgage foreclosure complaint on May 28, 2014. (Compl. ¶ 69, ECF No. 1) Three paragraphs later, Amelio states that Bank of America and the law firm defendants filed the mortgage foreclosure complaint on August 15, 2008. (*Id.* ¶ 72.) According to the publically available docket of the Court of Common Pleas for Allegheny County, of which the court can take judicial notice, the mortgage foreclosure complaint was filed on June 8, 2009, and reinstated on October 13, 2009. *BAC Home Loans Servicing v. Amelio*, No. GD-09-010436 (Pa. Ct. Com. Pl. June 8, 2009) (Doc. Nos. 1, 4). Amelio was served with the complaint by regular and certified mail on October 14, 2009, and by posting the complaint at the mortgage premises on October 19, 2009. *Id.* (Nov. 11, 2009) (Doc. No. 7).

While the court accepts all well-pleaded factual allegations in the complaint as true, it need not accept allegations that are internally inconsistent or contradict matters of public record. *See, e.g.*, *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) ("The court need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."), *opinion amended by* 275 F.3d 1187 (9th Cir. 2001); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 (3d ed. 2004) ("The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." (footnote omitted)).

In this case, the statute of limitations began to run in 2009, when the mortgage foreclosure suit was filed and served. Because Amelio did not file this suit until 2014, the FDCPA claims asserted against the law firm defendants were not timely filed.

### C. Continuing Violation Theory

Amelio contends that the filing of the foreclosure action should not be recognized as a stand-alone violation outside of the statute of limitations. (ECF No. 16, ¶ 78.) Instead, Amelio argues that the totality of defendants' acts "constitute a persistent and intentional" continuing violation of the FDCPA. (*Id.*)

Several district courts have applied the continuing violation doctrine in the context of FDCPA claims and found that the statute of limitations did not bar claims outside the one-year limitations period when the contact was part of a pattern of violations extending into the limitations period. *See Tucker v. Mann Bracken, LLC*, Civil No. 08-1677, 2009 WL 151669 (M.D. Pa. Jan. 21, 2009); *Joseph v. J.J. Mac Intyre Companies., L.L.C.,* 281 F. Supp. 2d 1156, 1160 (N.D. Cal. 2003). Both these decisions are distinguishable. In *Tucker*, the complaint contained factual allegations about a series of harassing debt collection phone calls, including at least ten within the limitations period. *Tucker*, 2009 WL 151669, at *4. Because these calls were part of continuing pattern of conduct that began before the limitations period, the court concluded that calls outside the one-year limitations period were not barred. *Id.* It was irrelevant that a debt collection lawsuit was filed outside the limitations period because the FDCPA claims were based upon the phone calls, not the lawsuit. *Id. Joseph* also involved a series of debt collection phone calls occurring both during and before the limitations period. *Joseph*, 281 F. Supp. 2d at 1161–62. The court denied the debt collector's motion for summary judgment based upon the statute of limitations because approximately seventy-five calls were within the limitations period, and the court could consider calls outside the period under the continuing violation theory. *Id.* at 1162. The *Joseph* case did not involve an underlying debt collection lawsuit. Other district courts have held that "under a continuing violation

theory, each new communication begins a fresh statute of limitations period for the claim." *Nutter v. Messerli & Kramer, P.A.*, 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007). "However, '[n]ew communications … concerning an old claim … [do] not start a new period of limitations.'" *Id.* at 1223 (quoting *Campos v. Brooksbank*, 120 F. Supp. 2d 1271, 1274 (D.N.M. 2000)).

Unlike in *Tucker* and *Joseph*, the factual allegations in the complaint in this case do not show an ongoing pattern of wrongful conduct. Amelio urges the court to "look at the whole picture" (ECF No. 16, ¶ 78), but the activities Amelio points to in the complaint as constituting a continuing violation—threatening improper litigation and filing improper litigation based upon a fraudulent affidavit—occurred at the time the mortgage foreclosure suit was filed or before. (*See, e.g.*, Compl. ¶¶ 18–20, 26–28, 34, 37–38, 43, 49–54, 55–57, 60–69, 72, ECF No. 1.) Mere participation in ongoing debt collection litigation does not constitute a continuing violation of the FDCPA. *See Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 131 (3d Cir. 2009) (declining to extend the continuing violation doctrine when the plaintiffs "offer[ed] no support for their contention that participation in ongoing debt collection litigation qualifies as a 'continuing violation' of the FDCPA"); *Naas*, 130 F.3d at 893 ("We hold that the statute of limitations began to run on the filing of the complaint . . . ."); *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 767–68 (E.D. Pa. 2012) ("Our Court of Appeals's jurisprudence … suggests only that participation in debt collection litigation does not qualify as a continuing violation under the FDCPA; it does not hold that the continuing violations doctrine is inapplicable to all FDCPA claims."). Because the complaint contains no allegations of a pattern of conduct that could be considered an ongoing violation or new communications unrelated to the ongoing action, the violations alleged in the complaint as a matter of law occurred no later than the time the lawsuit was served upon Amelio. Amelio's complaint is time barred and subject to dismissal for failure to state a claim.

### D. Dismissal with Prejudice

The details in this case demonstrate that any attempt to amend the complaint with respect to the FDCPA claims against the law firm defendants would be futile. Amelio makes additional allegations against the law firm defendants in his response to the motion to dismiss. For example, Amelio argues that the law firm defendants instructed him "not to file any responsive pleading because of the loan modification that was going to be issued" to him. (ECF No. 16, ¶ 34.) Amelio asserts that the law firm defendants subsequently sought a default judgment against him. (*Id.*) The state trial court entered judgment against Amelio in 2012—outside the limitations period of November 25, 2013, to November 25, 2014—and an amended complaint containing these additional allegations would be futile. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001) (holding that district court did not abuse its discretion in denying leave to amend where additional factual allegations in plaintiff's memorandum in opposition would not have overcome the statute of limitations). For this reason, the FDCPA claims against the law firm defendants will be dismissed with prejudice.[7]

## V.    Conclusion

The law firm defendants' motion to dismiss Amelio's claims of abusive, deceptive, and unfair debt collection practices in violation of the FDCPA will be granted. Amelio's FDCPA claims against the law firm defendants will be dismissed with prejudice. An appropriate order will be entered.

Dated: July 28, 2015                              /s/ Joy Flowers Conti
                                                  Joy Flowers Conti
                                                  Chief United States District Judge

---

7    Amelio also argues in his response that Bank of America's conduct constitutes wire fraud, mail fraud, and a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. (ECF No. 16, ¶¶ 32, 67–76.) The complaint contains no claims or factual allegations referencing wire fraud, mail fraud, or RICO violations.