# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO AMELIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civ. A. No. 14-1611 |
| | ) | |
| MCCABE, WEISBERG & CONWAY, P.C., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge

## I. INTRODUCTION AND PROCEDURAL HISTORY

This memorandum opinion addresses whether a *pro se* plaintiff supplied the court adequate cause to resist the dismissal of his claims for failure to respond to a motion to dismiss.

On November 25, 2014, plaintiff Alfonso Amelio ("plaintiff") sued defendants McCabe, Weisberg & Conway P.C.; Marc S. Weisberg; Bank of America N.A. ("Bank of America"); and John Does 1–10 for improperly filing and maintaining a mortgage foreclosure action against him. On December 24, 2015, McCabe, Weisberg & Conway and Marc S. Weisberg (the "law firm defendants") filed a motion to dismiss (ECF No. 2), and the court granted their motion on July 28, 2015. (ECF Nos. 28, 29.)

On June 29, 2015, defendant Bank of America N.A. ("Bank of America") filed a motion to dismiss. (ECF No. 24.) The court gave plaintiff until August 31, 2015 to respond to Bank of America's motion to dismiss (ECF No. 27), but plaintiff failed to do

1

so. On September 21, 2015, the court ordered plaintiff to show cause, by September 28, 2015, why Bank of America's motion to dismiss should not be granted. (ECF No. 30.)

On September 28, 2015, plaintiff filed a response to the court's September 21, 2015 order to show cause. (ECF No. 30.) In light of plaintiff's response, the issue whether plaintiff supplied adequate cause to resist dismissal is ripe for disposition.

## II. DISCUSSION

In his response to the court's September 21, 2015 order to show cause, plaintiff asserted he did not respond to Bank of America's motion to dismiss because he was "confused" and "assumed" Bank of America's motion was an "amended [m]otion to [d]ismiss" filed by the law firm defendants. (*Id.* at 2 ¶ 9.) Plaintiff did not assert he had any colorable response with respect to the merits of Bank of America's motion to dismiss.

The court concludes plaintiff failed to show cause why Bank of America's motion to dismiss should not be granted. While *pro se* plaintiffs are not held to as high a standard as litigants represented by counsel, a *pro se* plaintiff is not excused from conforming to the standard rules of civil procedure and the court's orders setting forth deadlines. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. . . ."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (stating *pro se* status is not a license to disregard, *inter alia*, procedural rules); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Bank of America's motion to dismiss and supporting brief are conspicuously captioned "*Bank of America, N.A.'s* Motion to Dismiss Civil Complaint" and "Memorandum of Law in Support of *Bank of America, N.A.'s* Motion to Dismiss Civil Complaint." *See* (ECF No. 24 at 1, 2 (emphasis added).) Both Bank of America's motion and supporting brief repeatedly reference Bank of America—not the law firm defendants. (*Id.*) The docket entry for Bank of America's motion to dismiss plainly states "Motion to Dismiss for Failure to State a Claim by *Bank of America, N.A.*" *See* (*id.* (emphasis added).) Plaintiff is aware Bank of America is a separate defendant from the law firm defendants, as he named the parties separately in his complaint. *See* (ECF No. 1 at 1–2, 3 ¶ 10–12.) Moreover, the court's July 28, 2015 memorandum opinion explicitly addresses only the law firm defendants' motion to dismiss filed at (ECF No. 2), not Bank of America's motion to dismiss filed at (ECF No. 24). *Amelio v. McCabe, Weisberg & Conway, P.C*, Civ. A. No. 14-1611, 2015 WL 4545299, at *1 & n.1, *6 (W.D. Pa. July 28, 2015) ("Bank of America filed a motion to dismiss [at (ECF No. 24.)] . . . *This memorandum opinion addresses only the law firm defendants' motion to dismiss* [at (ECF No. 2.) . . . The court finds . . . that [plaintiff's] claims against *the law firm defendants* are barred by the statute of limitations. . . . The *law firm defendants'* motion to dismiss [plaintiff's] claims . . . will be granted. [Plaintiff's] FDCPA claims against *the law firm defendants* will be dismissed with prejudice." (emphasis added)).

Under these circumstances, plaintiff's argument that he "assumed" Bank of America's motion to dismiss was an "amended [m]otion to [d]ismiss" filed by the law firm defendants is without merit. Plaintiff did not point to any basis for the court to deny

Bank of America's motion to dismiss. Plaintiff failed to show cause why Bank of America's motion to dismiss should not be granted, and its motion will be granted as a result.

## III. CONCLUSION

For the reasons set forth in this memorandum opinion, the court concludes plaintiff failed to show cause why Bank of America's motion to dismiss should not be granted. Bank of America's motion to dismiss will be granted, and plaintiff's claims against it will be dismissed with prejudice. An appropriate order will be issued.

DATED: November 4, 2015

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge