IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO AMELIO,<br>  Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civ. No. 14-1611 |
| MCCABE, WEISBERG & CONWAY,<br>P.C., *et al.*,<br>  Defendants. | )<br>)<br>)<br>) | |

# MEMORANDUM OPINION

CONTI, Chief District Judge

## I. INTRODUCTION AND PROCEDURAL HISTORY

Pending before the court is a *pro se* motion for reconsideration of an order granting a motion to dismiss with prejudice, filed by plaintiff Alfonso Amelio ("plaintiff"). (ECF No. 31.) For the reasons set forth in this memorandum opinion, plaintiff's motion for reconsideration will be denied.

On November 25, 2014, plaintiff filed suit against defendants McCabe, Weisberg & Conway P.C.; Marc S. Weisberg; Bank of America N.A. ("Bank of America"); and John Does 1–10 for improperly filing and maintaining a mortgage foreclosure action against him. (ECF No. 1.)

On December 24, 2014, defendants McCabe, Weisberg & Conway, and Marc S. Weisberg (the "law firm defendants") filed a motion to dismiss plaintiff's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 2.)

On July 28, 2015, the court issued a memorandum opinion and order granting the law firm defendants' Rule 12(b)(6) motion to dismiss plaintiff's claims against them with prejudice. (ECF Nos. 28, 29.) In granting the motion, the court concluded that plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, were time-barred. (ECF No. 28 at 9 ("In this case, the [FDCPA's] statute of limitations began to run in 2009, when the mortgage foreclosure suit was filed and served [on plaintiff]. Because [plaintiff] did not file this suit until 2014, the FDCPA claims asserted against the law firm defendants were not timely filed.").) The court dismissed plaintiff's claims against the law firm defendants with prejudice because amendment of the complaint would have been futile. (*Id.* at 11 ("The details in this case demonstrate that any attempt to amend the complaint with respect to the FDCPA claims against the law firm defendants would be futile.").)

On September 28, 2015, plaintiff filed this motion for reconsideration of the court's July 28, 2015 order granting the law firm defendants' Rule 12(b)(6) motion to dismiss.[1] (ECF No. 31.)

---

[1] In this filing, plaintiff also included his response to the court's order to show cause why Bank of America's Rule 12(b)(6) motion (at (ECF No. 24)) should not be granted for his failure to respond to it by the date set forth in the court's order

2

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In the interest of finality at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to re-litigate issues the court already decided. *Am. Beverage Corp. v. Diageo N. Am., Inc.*, No. 12-601, 2013 WL 4010825, at *1 (W.D. Pa. Aug. 6, 2013).

## III. DISCUSSION

In his motion, plaintiff argues

> [plaintiff] should have been granted Leave of Court to Amend Complaint. . . . Pro se litigants are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. . . . Court errs if court

---

on motion practice. (ECF No. 30.) For the reasons set forth in the court's November 4, 2015 memorandum opinion and order, the court concluded that plaintiff failed to show cause as ordered and dismissed plaintiff's claims against Bank of America with prejudice. (ECF Nos. 32, 33.) With no claims remaining against any of the defendants in this case, the court ordered the clerk to mark this case closed. (*Id.*)

3

> dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.
>
> WHEREFORE, . . . plaintiff requests that the [c]ourt set aside the dismissal and give plaintiff an opportunity to amend his complaint.

(ECF No. 31 at 2–3.)

Plaintiff's conclusory argument in support of his motion for reconsideration fails for two reasons.

First, plaintiff fails to demonstrate: (1) an intervening change in the law applicable to this case; (2) the availability of new evidence that was not available when the court granted the law firm defendants' motion to dismiss; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, as required for a motion for reconsideration. *Quinteros*, 176 F.3d at 677. Plaintiff's assertion that he "should have been granted [l]eave" to amend his complaint is insufficient to show a clear error of law or fact, or that manifest injustice will result if his motion is not granted. *Id.* The court, moreover, provided plaintiff "instruction of how [his] pleadings [were] deficient" in its July 28, 2015 memorandum opinion dismissing plaintiff's claims against the law firm defendants with prejudice. (ECF No. 28.) The court could not, and was not obligated to, "instruct[]" plaintiff on "how to repair [his] pleadings" because amendment of the complaint would have been futile.

4

Second, plaintiff is incorrect that "[*r*]*egardless of* the deficiencies" in his complaint, he is "*entitled* to the opportunity to submit evidence in support of [his] claims" against the law firm defendants. A motion to dismiss tests the legal sufficiency of the complaint, *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993), and the court concluded that the allegations in plaintiff's complaint were insufficient as a matter of law to state claims against the law firm defendants. *Pro se* plaintiffs are not held to as high a standard as litigants represented by counsel—but a *pro se* plaintiff is not excused from conforming to Federal Rule of Civil Procedure 8 and the pleading requirements set forth by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. . . ."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (stating that *pro se* status is not a license to disregard procedural rules); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

For these reasons, plaintiff's motion for reconsideration will be denied.

## IV. CONCLUSION

For the reasons set forth in this memorandum opinion, the court will deny plaintiff's motion for reconsideration of the July 28, 2015 order granting the law

firm defendants' Rule 12(b)(6) motion to dismiss plaintiff's claims against them with prejudice. (ECF No. 31.)

An appropriate order follows.

**D**ATED:  February 17, 2015

/s/ **J**OY **F**LOWERS **C**ONTI
Joy Flowers Conti
Chief United States District Judge

**CC**:

Alfonso Amelio
60 West 23rd Street Apt 830
New York, NY 10010